JOSEPH T. STEARNS *v.* HORACE F. GRAHAM.

February Term, 1912.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed March 4, 1912.

*Statutes—Construction—Special and General Statutes—No. 243, Acts 1910—Justices of the Peace—Fees.*

A statute relating to a particular subject will prevail over a contrary earlier general statute.

Under No. 243, Acts 1910, prohibiting the allowance of fees to a justice of the peace in a criminal case heard by him in a town or city in which there is a municipal or city court, unless the judge thereof certifies that he was disqualified or unable to hear the case, the prescribed certificate is conclusive on the Auditor of Accounts, and entitles the justice to his fees.

Where the meaning of a statute is plain, the court must enforce it according to its terms.

PETITION for a writ of mandamus, brought to the Supreme Court for Chittenden County, and heard at its February Term, 1912, on the pleadings. The opinion states the case.

*Cowles, Moulton, & Stearns* for the petitioner.

*John G. Sargent, Attorney General,* and *Henry B. Shaw, State's Attorney,* for the State.

WATSON, J. Before the passage of No. 243, Laws of 1910, any justice of the peace, acting within his jurisdiction, who heard a criminal cause, was entitled to the fees allowed by the general provisions of the statutes to justices for such official services.

by section 1 of that act, no fees shall be allowed or paid to a justice of the peace in a criminal cause heard by him in a town or city in which there is a municipal or city court, unless the judge of such court certifies that he was disqualified or unable to attend upon or hear said cause. Thereby the right of a justice to the allowance of fees in a cause falling within the provisions of this act is made to depend solely upon such a certificate being made by the municipal or city judge; and the certificate may properly be grounded upon inability due to the physical or mental condition of the judge, or to the fact of his being so far away that his return to attend upon or hear the cause is impossible, or unreasonable to expect.

This special act being later than the general statute respecting the allowance of fees to justices of the peace in criminal causes, it must be considered as modifying the latter, and to prevail over it in the particular instances specified; and the right of a justice to fees in a case within its provisions is to be determined by the requirements of that act, rather than by the general provisions of the statutes, if such there are, authorizing or requiring the auditor of accounts to investigate upon evidence or otherwise the legal sufficiency of the disqualification or inability of the municipal or city judge, upon which the certificate was based. The general rule of construction is here applicable, that an act relating to a particular subject will prevail over a contrary earlier general statute. *St. Johnsbury* v. *Thompson,* 59 Vt. 300, 9 Atl. 571, 59 Am. Rep. 731; *Deneen* v. *Unverzagt,* 225 Ill. 378, 80 N. E. 321, 8 Ann. Cas. 396.

The record shows that the relator, as justice of the peace, heard a criminal cause in the city of Burlington, on the 24th day of February, 1911, in which city there was a city court, and that on the 27th day of the same month the judge of that court certified that on the former day he was out of the city and unable to try said cause. This is conclusive upon the auditor and the relator is entitled to the fees allowed by the general provisions of the statutes for such services.

It is argued, however, that unless the auditor may exercise discretion in arriving at a judgment as to whether the certificate was based upon facts reasonably warranting it, the statute is subject to much abuse, to prevent which he is helpless. Be

it so, the remedy lies with the Legislature—not in construing the statute contrary to its plain meaning. "When the meaning of a statute is plain, it is the duty of the courts to enforce it according to its obvious terms. In such a case there is no necessity for construction." *Thornley* v. *United States*, 113 U. S. 310, 28 L. ed. 999, 5 Sup. Ct. 491.

*Judgment that the prayer of the complaint is granted, and that a mandamus issue directing the auditor of accounts to give to the relator, as justice of the peace, when receipted for by him, an order on the State Treasurer for his fees, as justice of the peace, in the case named in the complaint, agreeably to the provisions of law, without costs.*