## Scott v. Cincinnati, New Orleans & Texas Pacific Railway Company.

(Decided January 25, 1918.)

### Appeal from Boone Circuit Court.

Carriers—Injury to Passenger—Unsafe Approach—Joint Use of Tracks—Liability of one Carrier for Negligence of Another—Petition—Sufficiency.—In a passenger's action for personal injuries, it was alleged in the petition that the depot and tracks where plaintiff intended to take passage on one of defendant's trains, were used jointly by defendant and other companies; that defendant's train stopped on the third track from the depot and in order to board the train it was necessary for plaintiff to cross two intervening tracks; that while in the act of crossing he was struck by a train operated by the B., O. and S. W. Railway Company and injured, and that his injuries were due to the negligence of the defendant in failing to provide him with a suitable approach to its train and the concurrent negligence of the other company in carelessly moving its train at said time and place. Held, that in the absence of an allegation that the depot and tracks were owned or controlled by defendant, and the B., O. and S. W. Railway Company used them under a lease or other contract, or that the movement of that company's trains was subject to the direct orders of defendant or was controlled by rules and regulations prescribed by the defendant, the presumption would be indulged that the B., O. and S. W. Railway Company was the sole owner of the depot and tracks and that the movement of its trains as well as the rules and regulations governing their movement, were under its exclusive control, and that being true, the defendant could not be held liable for an injury due solely to the other company's negligence, which defendant did not have the power to prevent and for which it was in no way responsible.

O. M. ROGERS for appellant.

J. M. LASSING and N. E. RIDDELL for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

In this suit by George Scott against the Cincinnati, New Orleans & Texas Pacific Railway Company to recover damages for personal injuries, a demurrer was sustained to the petition and the petition dismissed. Plaintiff appeals.

The facts alleged in the petition are in substance' as follows: On November 12, 1915, plaintiff purchased from defendant's agent at Erlanger, Ky., a ticket entitling him to transportation from Erlanger to Cincinnati and return. He was carried on one of defendant's passenger trains to Cincinnati where he spent the day. In the afternoon he went to the Eighth Street depot in Cincinnati to board one of defendant's passenger trains for the purpose of returning to Erlanger. Said depot was a regular stopping place for said train. While plaintiff was standing on the platform the train stopped in front of the depot for the purpose of receiving and discharging passengers. Between the platform and the third track on which the train stopped, were two other tracks on which the defendant and other railroad companies, including the Baltimore, Ohio and Southwestern, then operated passenger and freight trains. To reach defendant's train it was necessary for plaintiff to cross the two intervening tracks. While plaintiff was crossing one of said tracks, the Baltimore, Ohio and Southwestern Railway Company negligently caused one of its trains to move thereon and strike and injure plaintiff, thus rendering the approach to defendant's train dangerous and unsafe. His injuries were the proximate result of the defendant's negligence in failing to provide him with a safe approach to its train and the concurrent negligence of the Baltimore, Ohio and Southwestern Railway Company in moving its train over said track at said time and place.

It is the contention of plaintiff that the demurrer was improperly sustained because the facts alleged show that plaintiff was a passenger; that it was the duty of the defendant to provide him a safe approach to its train; that defendant failed to perform this duty, and by reason thereof, plaintiff was injured. It must be remembered, however, that plaintiff's injuries were not due to the fact that the physical condition of the approach was itself dangerous or defective. On the contrary the approach was rendered dangerous solely by the negligence of the Baltimore, Ohio and Southwestern Railway Company.

There might be some merit in plaintiff's case had the petition alleged that the depot and tracks were owned or controlled by defendant, and the Baltimore, Ohio and Southwestern Railway Company used them under a lease or other contract, or that the movement of that company's trains was subject to the direct orders of defendant or was controlled by rules and regulations prescribed by the defendant. Chicago, St. Paul & Kansas City Railway Company v. Ryan, 165 Ill. 88, 46 N. E. 208. As the case is presented, however, the B., O. and S. W. Railway Company may have been the sole owner of the depot and tracks, and the movement of its trains, as well as the rules and regulations governing their movement, may have been under its exclusive control, and under the rule that a pleading is construed most strongly against the pleader, it will be presumed that such was the case in the absence of an allegation to the contrary. That being true, defendant can not be held liable for an injury due solely to the other company's negligence which it did not have the power to prevent and for which it was in no way responsible. It follows that the demurrer to the petition was properly sustained.

Judgment affirmed.