Telesphore Bosquet *v.* Howe Scale Company and the Royal Indemnity Company.

October Term, 1922.

Present: Watson, C. J., Powers, Taylor, Miles, and Slack, JJ.

Opinion filed February 14, 1923.

*Master and Servant—Workmen's Compensation Act—Limitation of Authority of Commissioner of Industries—When Modification of Agreement or Award Allowable—Construction of Statute Adopted from Other State or Country.*

1. The proceedings to administer the Workmen's Compensation Act being wholly statutory, the authority of the commissioner of industries is limited to such powers as are conferred upon him by express legislative grant, or such as arise therefrom by

implication as incidental and necessary to the full exercise of the powers granted.

2.  While the Workmen's Compensation Act is to be liberally construed, the court cannot by construction create a liability, or confer jurisdiction, hence the authority of the commissioner of industries cannot be extended beyond the powers expressly conferred or arising therefrom by necessary implication.

3.  An application under G. L. 5805 to modify an agreement or award under the Workmen's Compensation Act is not a new proceeding, but is based upon a jurisdiction acquired through the original proceeding, either on application for an award of compensation under G. L. 5802, or on the filing of a memorandum of agreement in regard to compensation pursuant to G. L. 5801.

4.  Under G. L. 5805, providing that the commissioner of industries, in the manner therein specified, upon the ground of a change in conditions, "may at any time review any award and on such review make an order ending, diminishing or increasing the compensation previously awarded," etc., the phrase "at any time" does not give the commissioner continuing jurisdiction, unlimited as to time, but means at any time before final disposition of a claim pending with him, hence, where the injured employee and his employer had agreed on the amount of compensation pursuant to G. L. 5801 and had filed a memorandum thereof with such commissioner, and the amount agreed upon had been paid, such commissioner was without jurisdiction, over three years after filing of the settlement receipt, to reopen the case on the ground of changed conditions and order payment of additional compensation.

5.  When a statute is adopted in this State from another state or country, if it has received a judicial interpretation there prior to its enactment here, the language of the statute is to be taken as used in the sense given to it by such prior adjudication, unless some other sense is indicated by attendant provisions of the statute.

APPEAL by defendants to Supreme Court, Rutland County, from the award of the commissioner of industries on a petition to review a previous settlement of compensation for injury to an employee of the defendant scale company. The opinion states

the case.  *Award vacated, petition dismissed, result to be certified to the commissioner of industries.*

*Walter S. Fenton* for the defendants.

An agreement of the employer and injured employee, duly filed and approved by the commissioner of industries, has the same force and effect as an award made by such commissioner.

General Laws, Sections 5801, 5809; *Ætna Life Insurance Company* v. *Shiveley et al.,* 127 N. E. 50; *Pedlow* v. *Swartz Electric Company,* 120 N. E. 603.

*Jones & Jones* for the claimant.

TAYLOR, J.   This is an appeal from the award of the commissioner of industries on a petition under G. L. 5805, to review a previous settlement of compensation under the Workmen's Compensation Act.   On July 17, 1917, the petitioner, an employee of the Scale Company, was severely injured by an accident arising out of and in the course of his employment, from which temporary total disability immediately followed.   September 12, 1917, he entered into an agreement in regard to compensation, a memorandum of which was filed in the office of the commissioner of industries and duly approved.   The weekly wage at the time of injury and weekly compensation during disability were therein agreed upon.   January 8, 1918, the petitioner signed a settlement receipt which was duly filed in the office of the commissioner. Therein he in effect acknowledged receipt of certain sums in final settlement of compensation for his injuries, subject to review and approval by the commissioner of industries.   This settlement receipt was approved by the commissioner February 4, 1918. The petitioner returned to his work on January 6, 1918, and worked practically continuously from that time until May 31, 1921.   He ceased work at that time, not by reason of his injury, but solely on account of business depression and its effect upon the manufacturing plant of the defendant Scale Company.   No claim for compensation either for recurrence of disability or for specific injury was made until some time later.

The petition on which the proceedings appealed from is based was filed with the commissioner November 21, 1921.   It

alleges a change in conditions and asks that "the agreement or award previously made be reviewed pursuant to sections 5801 and 5805 of the General Laws, and that an order be made increasing or continuing compensation previously awarded or agreed upon." The defendants seasonably objected that the statute does not warrant re-establishing compensation after the termination of the period originally fixed by the award or agreement. The commissioner rejected this claim, holding that G. L. 5805 authorizes a review at any time upon the ground of a change in the conditions. Evidence was received on which the commissioner found that there had been a change in the conditions warranting a review of the case and the making of an order for further compensation, in that it then appeared that there had been a permanent loss of function of the leg which was not apparent at the time the agreement was entered into, nor when the settlement receipt was signed. He found that such permanent loss of function entitled the petitioner to compensation for 102 weeks, and that the correct rate of compensation was less than that agreed upon in the settlement, making a total overpayment of $91.08. As the period of weekly payments under the order had expired, the defendants were ordered to pay the petitioner a lump sum representing the total additional compensation, after deducting the amount overpaid under the settlement agreement.

The principal question of law certified up for review on appeal is whether in the circumstances detailed the commissioner was without jurisdiction under G. L. 5805 to make an award (1) re-establishing compensation for disability, or (2) ordering compensation payments for a specific permanent injury resulting from the original accident if said permanent injury (a) existed at the time the original agreement was entered into, or (b) existed at the time the petitioner returned to his work and the settlement receipt was filed, or (c) resulted at some considerable time after the filing of said settlement receipt, being first brought to the attention of the commissioner nearly three years and five months thereafter.

The authority of the commissioner to entertain this petition and make the order objected to depends upon the construction to be given G. L. 5805 which provides: "Upon his own motion or upon the application of any party in interest upon the ground of a

change in the conditions, said commissioner may at any time review any award, and on such review may make an order ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this chapter and shall state his conclusions of fact and rulings of law and immediately send to the parties a copy of the award. Such a review shall not affect such award as regards any money already paid.'' Such an agreement in regard to compensation as that entered into between the parties here, when a memorandum thereof is filed with the commissioner and approved by him, is subject to modification as provided above. G. L. 5801.

The original Workmen's Compensation Act (No. 164, Acts of 1915) had as its basis the uniform act recommended by the board of commissioners for the promotion of uniform legislation, and this in turn was modeled after the earlier English Workmen's Compensation Act. Section 34 of our act was identical with section 36 of the uniform act and read, ''may at any time, *but not oftener than once in six months,* review,'' etc. The limiting phrase was later amended out. No. 173, Acts of 1917, § 6. In other respects the authority of the commissioner to review and modify awards and agreements is essentially the same as under the original act.

[1-2]     The proceedings to administer the Workmen's Compensation Act being wholly statutory, on familiar principles the commissioner's authority is limited to that granted by the act. He possesses only such powers as are conferred upon him by express legislative grant, or such as arise therefrom by implication as incidental and necessary to the full exercise of the powers granted. Conner's Case, 121 Me. 37, 115 Atl. 520; Levangie's Case, 228 Mass. 213, 117 N. E. 200; Sterling's Case, 233 Mass. 485, 124 N. E. 286. See, also, *Petraska* v. *National Acme Co.,* 95 Vt. 76, 113 Atl. 536; *Bacon* v. *B. & M. R. Co.,* 83 Vt. 421, 76 Atl. 128, where the principle is applied. The Act is to be liberally construed (*Packett* v. *Moretown Creamery Co.,* 91 Vt. 97, 99 Atl. 638, L. R. A. 1918F, 173; *Brown* v. *Bristol Last Block Co.,* 94 Vt. 123, 108 Atl. 822); but the court cannot by construction create a liability, or confer jurisdiction. In matters touching the jurisdiction of the commissioner, authority cannot be extended beyond the powers expressly conferred or arising therefrom by necessary implication. Thus, we held in *Petraska* v.

*National Acme Co., supra,* in effect, that the making of a claim for compensation within the time fixed by the act was jurisdictional, and that the commissioner was without authority to make an award unless the jurisdictional facts affirmatively appeared.

[3]   The application under G. L. 5805 to modify an agreement or award is not a new proceeding, but is based upon a jurisdiction acquired through the original proceeding, either on application for an award of compensation under G. L. 5802, or, as in the case at bar, on the filing of a memorandum of agreement in regard to compensation pursuant to G. L. 5801.   It should be observed that agreements between the parties respecting compensation are favored.   Application to the commissioner for hearing and award in the premises is conditioned upon failure of the parties to agree.   G. L. 5802.   To prevent over-reaching and protect the employee against improvident agreements, they are required to be made subject to the approval of the commissioner, which can be given only when the terms of the agreement conform to the provisions of the Act.   G. L. 5801.

It sufficiently appears that the commissioner had original jurisdiction in the premises which leaves for consideration whether in the circumstances the power of review had terminated; in other words, whether under our statute there is a continuing jurisdiction for the purpose of review, notwithstanding there has been a final settlement of compensation under the agreement.   In effect the question is the same as it would be in case of an award of compensation which had been fully complied with.   The original agreement approved by the commissioner, being for weekly compensation for an indefinite time, was equivalent to an award of such compensation during disability; and the settlement agreement, likewise approved by the commissioner, was equivalent to an order terminating compensation.   The case in hand, then, is essentially one where an original claim for compensation has been finally disposed of and the injured workman is seeking to have compensation restored on the ground of changed conditions.   Is the authority conferred upon the commissioner to review compensation awards and agreements broad enough to include such action?

We have no case bearing upon the question.   The decisions in other jurisdictions are not numerous and for the most part are of little assistance, owing to the dissimilarity of statutes.

Most of the American Compensation Acts have provisions permitting the review of an award in specified circumstances on the ground of changed conditions. On examination, however, it will be found that the acts differ widely in this respect. Some provide a definite time within which a review may be had, reckoned either from the date of the award or from the termination of the compensation period fixed in the original order. Others expressly provide for continuing jurisdiction during the maximum compensation period, which in this State would be 260 weeks. Still others, while like our statute providing for review "at any time," couple with it a provision for continuing jurisdiction. See 2 Schneider's Work. Com. Law, 1505; Jones' Digest of Work. Com. Laws (7th ed.)

[4]      Confessedly the section in question is open to construction. See *Stearns* v. *Graham,* 85 Vt. 486, 82 Atl. 835. While the provision "may at any time review," standing alone, would import a continuing jurisdiction in all cases, when read, as it must be, with its context, the language takes on a different meaning. Nowhere in the Act is such jurisdiction expressly conferred; nor is it to be necessarily implied from the powers expressly granted. A review is authorized for the purpose only of "ending, diminishing or increasing" the compensation previously awarded or agreed upon. This necessarily implies a matter still pending with the commissioner—something capable of being ended, diminished, or increased. If the Legislature had intended to invest the commissioner with authority to re-open a compensation case that had been finally disposed of, it naturally would have employed language better suited to that purpose. We are constrained to hold that the phrase "at any time" does not give the commissioner continuing jurisdiction, unlimited as to time, but means at any time before a claim for compensation pending with him is finally disposed of. This construction gives the phrase the broadest possible meaning in view of its context. It seems highly improbable that the Legislature had any other intention, in view of the consequences of a different construction. We are not unmindful of the suggestion that this interpretation of the statute may work an injustice to the employee in some instances, as where the effects of an injury are latent and recur after the original claim has been disposed of finally. There may be cases, and the instant case may be one, where the full effect of

any injury is not at first apparent. But if there is any shortage in the present procedure to take care of such a situation, the argument should be addressed to the Legislature.

[5]. The construction given our statute accords with English decisions made before the passage of our Compensation Act. In the circumstances, such decisions are strongly persuasive of the meaning intended by the Legislature. It is a settled doctrine of interpretation that, when a statute is adopted in this State from another state or country, if it has received a judicial interpretation there prior to its enactment here, it is to be taken that the language of our statute is used in the sense given to it by such prior adjudication, unless some other sense is indicated by attendant provisions of the statute. *Warner* v. *Warner's Estate,* 37 Vt. 356; *Adams* v. *Field,* 21 Vt. 256. The correspondent section of the English Compensation Act provided that any weekly payment could be reviewed at the request either of the employer or of the workman, and on such review could be ended, diminished or increased, subject to the maximum elsewhere provided in the act. The phrase "at any time" is lacking; but the section is without limitation as to time, and so, in that respect, is essentially like the corresponding section of our Act. In construing this provision the English courts held that compensation once terminated could not be reviewed—that the act gave no authority to review a matter that had been finally disposed of. In view of these decisions the practice is, in cases where disability is liable to recur, to make a "suspensory award" of a nominal sum, or to make a declaration of liability, thus keeping the proceeding alive. See *Owners of the "Tynron"* v. *Morgan,* 100 L. T. R. 461, 2 B. W. C. C. 406; Note L. R. A. 1916A, 168. The question was carried to the House of Lords in *Nicholson* v. *Piper,* (1907), 97 L. T. R. 119. Compensation had terminated and the workman had resumed work. Later he applied for a review and restoration of compensation on the ground of changed conditions. His application was dismissed on the ground that no further award could be made, as the matter had been finally disposed of. This holding was affirmed by the Court of Appeals and the workman appealed to the House of Lords, with the result that the judgment was there affirmed. The basis of the decision was tersely stated in the opinion of Lord Robertson: "The statue postulates as the thing to be operated upon an existing weekly

payment susceptible of being 'ended, increased or diminished.' Now, here there is no such weekly payment extant, and on this short ground the application was untenable.''

A similar question was raised in Hunnewell's Case, 220 Mass. 351, 107 N. E. 934. The Massachusetts statute granting the power of review provides that any weekly payment may be reviewed and any order issued which is deemed advisable, subject to the provisions of the Compensation Act. The original award based on total disability was to terminate October 19, 1913. On October 16, 1913, a hearing was had upon the claim of the employee that compensation should be continued on account of actual incapacity for work. Later the board filed its finding to the effect that the employee's total incapacity for work on account of personal injury ceased on October 19, 1913, subject to the right of the employee to compensation on account of partial incapacity for work under a specified section of the act, depending upon his ability to earn wages. In accordance with this finding payment of all compensation ceased on October 19, 1913. The request for review was filed May 4, 1914, and resulted in an award for partial incapacity of weekly compensation dating from February 1, 1914, to continue so long as such incapacity should last. The insurer seasonably objected to the proceedings before the board and took the appeal to test its jurisdiction to make the award. The award was sustained on the ground that by the terms of the original order all payments under the act were not to end but that the board in effect retained control of the case for the very purpose accomplished by the award appealed from. In disposing of the claim that because weekly payments had stopped there was nothing for the board to deal with on review, and that it could not end, diminish, or increase a weekly payment which had ceased to exist, the court said: ''That contention would be unanswerable if the earlier decision had been that weekly payments should end finally. But, as has been pointed out, that was not the earlier decision and the board in its decision now under review has proceeded strictly in accordance with the lines left open by express reservation in its former decision.'' Elsewhere in the opinion it is said that after a decision ending all payments under the act the board would be without power to revive the matter. ''It would have become ended and be entirely a thing of the past. The doctrine

of *res judicata* would apply to it.'' The court regarded the English decisions as ''strongly persuasive of the meaning intended by the General Court.''

The petitioner relies upon *Gairt* v. *Curry Coal-Mining Co.*, 272 Pa. 494, 116 Atl. 382, and *Tribune Co.* v. *Industrial Com.*, 290 Ill. 402, 125 N. E. 351. Neither case, however, involved the question here for decision. In the former case, there had been no order terminating compensation. On the contrary, the order stopping payments for total disability expressly provided for further compensation on account of partial disability, ''to be determined after claimant has returned to work and his loss of earning capacity has been established,'' a procedure authorized by the Pennsylvania Compensation Act. In the latter case, the application for review was brought within the time fixed by the Illinois statute during which a review is expressly authorized.

As we hold that the commissioner of industries was without jurisdiction to entertain the petition, it is unnecessary to consider other questions raised on appeal.

*Award vacated and petition dismissed with costs in this Court. Let the result be certified to the commissioner of industries.*

MILES, J., dissents.