GLOTFELTER ERECTION CO. v. H. F. SMITH.*

(*Nashville.* December Term, 1927.)

Opinion filed, December 17, 1927.

1. WORKMEN'S COMPENSATION. TRIAL COURT. EVIDENCE. QUESTION OF LAW. APPEAL.

In Workmen's Compensation cases great latitude is vested in trial courts and their decrees will only be reviewed on questions of law, but where there is no evidence to support a finding the question becomes one of law. (*Post*, p. 269.)

Citing: Beech v. Keicher, 154 Tenn. (1 Smith), 332.

2. WORKMEN'S COMPENSATION. SURGICAL OPERATION. PROOF.

A claimant should not under all circumstances be required to submit to an operation when so requested by the employer, but where it appears that an operation is necessary; that he is in condition to undergo the same, and that it would in all probability be successful, the employee would have to submit thereto. (Post, p. 269.

Citing: Sun Coal Co. v. Wilson, 147 Tenn. (20 Thomp.), 118; Crane Enamelware Co. v. Dotson, 152 Tenn. (25 Thomp.), 405.

3. WORKMEN'S COMPENSATION. SURGICAL OPERATION. QUESTION OF FACT.

The reasonableness of a refusal of the employee to submit to a surgical operation is a question of fact. (Post, p. 270.)

Citing: Fred Cantrell Co. v. Goosie, 148 Tenn. (21 Thomp.), 282.

4. WORKMEN'S COMPENSATION. DECREE. MODIFICATION. APPEAL.

A decree of the trial court awarding compensation for a definite period and authorizing either party at the expiration thereof to apply for a modification of the decree, where supported by evidence, should be affirmed. (Post, p. 272.)

Citing: Acts of 1919, chap. 123, sec. 38, subsec. (b).

---

*Headnotes 1. Workmen's Compensation Acts, C. J., section 140 (Anno.); 2. Workmen's Compensation Acts, C. J., section 144; 3. Workmen's Compensation Acts, C. J., section 146.

Appeal from the Circuit Court of Shelby County.— HON. A. B. PITTMAN, Judge.

EMMETT W. BRADEN, and WILSON, GATES & ARMSTRONG, for plaintiff in error.

FLOYD CREASY, for defendant in error.

MR. JUSTICE McKINNEY, delivered the opinion of the Court.

(1) In *Beech* v. *Keicher,* 154 Tenn., 332, it was said:

"In these compensation cases great latitude, judgment and discretion is vested in the trial courts, and their decrees will only be reviewed upon questions of law. Where there is no evidence to support a finding the question then becomes one of law."

(2) In *Sun Coal Co.* v. *Wilson,* 147 Tenn., 118, the court said:

"The evidence shows that a party so injured can never do efficient work, and that the injury will likely become greater as time passes; that as a result of the injury the earning capacity of the claimant at present has been reduced one-third; that the only cure for hernia is a surgical operation; that it is not a serious operation attended with unusual danger or pain, and can be successfully performed under a local anaesthetic; that such an operation usually restores a man to his former earning capacity; that when handled by a skilled surgeon practically all such operations are successful; that the claimant is physically able to undergo the operation, and

an operation was recommended by the several physicians who examined him.

. . . . . . . . . . . . .

"We do not wish to be understood as holding that, under all circumstances, a claimant should submit to an operation when so requested by the employer, but we have not a case here where the operation is serious or dangerous, or where the physicians disagree as to the advisability of an operation."

In *Crane Enamelware Co.* v. *Dotson,* 152 Tenn., 405, it was said:

"When the conditions are such as those appearing in *Sun Coal Co.* v. *Wilson,* 147 Tenn., 118, 245 S. W., 547, the employee would have to submit to an operation. That is to say, where it appears that an operation is necessary, that he is in condition to undergo same, that it would in all probability be successful, and the company tenders it to him, and offers to defray all expenses, he would have to submit. The court would be very loath to further extend the rule announced in that case."

(3) The physician who attended claimant, Dr. J. J. McCaughan, was introduced by the defendant and testified as follows:

"Mr. Smith was suffering from a depressed fracture of the skull in the right posterior parietal region and a fracture of the right fibula; that there was a laceration on Mr. Smith's head showing that he had received a fall, probably landing on his head, and that in thus falling he had driven a rock into his skull; that the rock pushed a portion of his skull about the size of a quarter into and upon the covering of the brain; that he removed the rock and applied antiseptic to the laceration; that Mr. Smith's symptoms soon thereafter, evidenced by a jerking condition on the right side, indicated that there was a pres-

sure on the brain resulting from the fracture; that he attended Mr. Smith while he was in the hospital; that he recommended to Mr. Smith, after all danger of infection from the laceration had passed, to have an operation performed to remove or raise up that portion of the skull which was resting on the covering of the brain; that it was possible to entirely remove this portion of the skull, because the brain covering was composed of several layers of tissue, which together with the scalp and hair would afford sufficient protection; that it was also possible by operation to raise this portion of the skull back to its normal place and thus let it form a union with the other portion of the skull; that to perform this operation it would be necessary to chisel the skull out around the depressed portion and insert an instrument through the crevice under the depressed portion and raise it to the level or its normal position; that this operation was classed in the medical profession as a major operation; that it was a serious operation; that he recommended and insisted that the operation be performed and defendant had authorized him to perform same, and had informed him that defendant would pay for his services; that such a surgical operation was the only probable cure for his injury and would probably restore him to his former earning capacity but was by no means certain.''

On cross-examination this witness said:

''At the time he offered to perform the operation above described he regarded it as a dangerous operation, because any operation on the skull and brain is dangerous.''

In the affidavit of the physician, filed on the motion for a new trial, it was stated that at the time he proposed to operate claimant ''was in a weakened and run down condition and was not a good subject to operate on.''

The reasonableness of a refusal to submit to an opera-

tion is a question of fact. *Fred Cantrell Co.* v. *Goosie,* 148 Tenn., 282.

Accepting the testimony of Dr. McCaughan as true, as we must do under the rule, the conclusion of the trial court is abundantly supported.

*(4)* Complaint is made as to the action of the trial court in awarding compensation for three months, at which time either party was authorized to apply for a modification of the decree.

We think the evidence supported the finding, and, furthermore, the decree as to this matter was favorable to the defendant since subsection (b) of section 38 provides that the application for a modification can be made ''at any time after six (6) months from the date of the award.''

Finding no error in the decree of the trial court, it will be affirmed and the cause remanded.