NELSON *v.* CAMBRIA COAL CO.

(*Knoxville,* September Term, 1941.)

Opinion filed February 14, 1942.

Rehearing denied April 4, 1942.

C. A. Templeton, of Jellico, J. M. Underwood, of Clinton, and Cassell, Ladd & Carson, of Harriman, for plaintiff in error.

Jennings, O'Neil & Jarvis, of Knoxville, and A. L. Fox, of Clinton, for defendant in error.

Mr. Special Justice Alan M. Prewitt delivered the opinion of the Court.

The original petition in this Workmen's Compensation case was filed on October 27, 1937, and was answered on January 7, 1938.

On January 28, 1938, the trial court awarded compensation for permanent partial disability to the extent of twenty-five per cent in the sum of $6.04 per week for seventy-five weeks, dating from October 31, 1936, on which day the injury occurred. The decree recited:

"Said cause will be retained by the clerk on the docket for the purpose of enforcing this decree or for any other action to be had in connection with this cause."

On September 2, 1938, Nelson filed a second petition in the case seeking additional compensation upon allegations that he had become totally and permanently disabled as a result of the original injury. In the answer thereto it was denied that petitioner had suffered any incease in disability since the rendition of the former decree. Upon the issue thus made the case was tried, and on July 8, 1941, the court rendered his decision holding that petitioner was fifty per cent permanently disabled and awarded him an additional recovery of $6.04 per week for seventy-five weeks, beginning April 6, 1938. There is evidence to support this finding.

On behalf of defendant it is insisted that the original decree was final and *res adjudicata.*

█ A final decree in a compensation case is final, as in any other case, unless the petitioner seeking to reopen the case can bring himself within the terms of Code 1932, section 6892(b). *Hay* v. *Woolsey,* 175 Tenn., 475, 135 S. W. (2d), 933.

In a compensation proceeding by a dependent of the decedent who was accidentally killed in the course of his employment, where the court decreed that the amount to be paid was not to exceed five thousand dollars and was to be an acquittance of all claims for compensation because of the decedent's death, although the decree was

entered in misapprehension of the law and the limit fixed on the amount recoverable, yet such decree was final where no application was made to correct the alleged mistake as to the amount of the decree for more than five years after its rendition and entry. The decree became binding on the parties although the amount adjudicated was too small. *Shockley* v. *Morristown Produce & Ice Co.*, 171 Tenn., 591, 106 S. W. (2d), 562.

Under our statute (Code, section 6892) "any award payable periodically for more than six months may be modified . . . if the parties cannot agree, then at any time after six months from the date of the award an application may be made to the courts by either party, on the ground of increase or decrease of incapacity," etc. In the case before us, the original award was "payable periodically for more than six months," and the application was made "after six months from the date of the award," for the application was made not only "after six months" but after all the periodical payments had been made and the award had been discharged.

It is conceded that the act extended the jurisdiction of the court to modify and increase or decrease the award beyond the weekly payment period fixed by the original decree, but it is contended that this authority to modify and increase or decrease expired with the making of the final weekly payment. It is further argued that the authority to reopen the case and modify the original award is ended when the award has been fully paid. Taken literally, the right to apply for a modification is held open indefinitely, may be availed of at any time in the future, without time limitation, throughout the run of the years. This could hardly have been the legislative intent. It would seem more reasonable to relate this broad, general

phrase "at any time" to the period over which the original award is spread, during which period and not thereafter the amount may be "modified" and may be "increased or decreased."

We have no authority bearing on this point in Tennessee. However, the above construction was given the phrase "at any time" in a similar statute by the Supreme Court of Vermont in the leading case of *Bosquet* v. *Howe Scale Co. et al.* (1922), 96 Vt., 364, 120 A., 171, 173. We quote at some length from this opinion:

"It sufficiently appears that the commissioner had original jurisdiction in the premises, which leaves for consideration whether in the circumstances the power of review had terminated; in other words, whether under our statute there is a continuing jurisdiction for the purpose of review, notwithstanding there has been a final settlement of compensation under the agreement. In effect the question is the same as it would be in case of an award of compensation which had been fully complied with. The original agreement approved by the commissioner, being for weekly compensation for an indefinite time, was equivalent to an award of such compensation during disability; and the settlement agreement, likewise approved by the commissioner, was equivalent to an order terminating compensation. The case in hand, then, is essentially one where an original claim for compensation has been finally disposed of and the injured workman is seeking to have compensation restored on the ground of changed conditions. Is the authority conferred upon the commissioner to review compensation awards and agreements broad enough to include such action?

"We have no case bearing upon the question. The decisions in other jurisdictions are not numerous and

for the most part are of little assistance, owing to the dissimilarity of statutes. Most of the American Compensation Acts have provisions permitting the review of an award in specified circumstances on the ground of changed conditions. On examination, however, it will be found that the acts differ widely in this respect. Some provide a definite time within which a review may be had, reckoned either from the date of the award or from the termination of the compensation period fixed in the original order. Others expressly provide for continuing jurisdiction during the maximum compensation period, which in this state would be 260 weeks. Still others, while, like our statute, providing for review 'at any time,' couple with it a provision for continuing jurisdiction. See 2 Schneider's Work. Com. Law, 1505; Jones' Digest of Work. Com. Laws (7th Ed.).

"Confessedly the section in question is open to construction. See *Stearns* v. *Graham,* 85 Vt. 486, 82 A., 835. While the provision 'may at any time review,' standing alone, would import a continuing jurisdiction in all cases, when read, as it must be, with its context, the language takes on a different meaning. Nowhere in the act is such jurisdiction expressly conferred; nor is it to be necessarily implied from the powers expressly granted. A review is authorized for the purpose only of 'ending, diminishing or increasing' the compensation previously awarded or agreed upon. This necessarily implies a matter still pending with the commissioner—something capable of being ended, diminished, or increased. If the Legislature had intended to invest the commissioner with authority to re-open a compensation case that had been finally disposed of, it naturally would have employed language better suited to that purpose. We are con-

strained to hold that the phrase 'at any time' does not give the commissioner continuing jurisdiction, unlimited as to time, but means at any time before a claim for compensation pending with him is finally disposed of. This construction gives the phrase the broadest possible meaning in view of its context. It seems highly improbable that the Legislature had any other intention, in view of the consequences of a different construction. We are not unmindful of the suggestion that this interpretation of the statute may work an injustice to the employee in some instances, as where the effects of an injury are latent and recur after the original claim has been disposed of finally. There may be cases, and the instant case may be one, where the full effect of any injury is not at first apparent. But if there is any shortage in the present procedure to take care of such a situation, the argument should be addressed to the Legislature.

"The construction given our statute accords with English decisions made before the passage of our Compensation Act. In the circumstances, such decisions are strongly persuasive of the meaning intended by the Legislature. It is a settled doctrine of interpretation that, when a statute is adopted in this state from another state or country, if it has received a judicial interpretation there prior to its enactment here, it is to be taken that the language of our statute is used in the sense given to it by such prior adjudication, unless some other sense is indicated by attendant provisions of the statute. *Warner* v. *Warner's Estate*, 37 Vt., 356; *Adams* v. *Field*, 21 Vt., 256. The corresponding section of the English Compensation Act provided that any weekly payment could be reviewed at the request either of the employer or of the workman, and on such review could be ended, diminished,

or increased, subject to the maximum elsewhere provided in the act. The phrase 'at any time' is lacking; but the section is without limitation as to time, and so, in that respect, is essentially like the corresponding section of our act. In construing this provision the English courts held that compensation, once terminated, could not be reviewed; that the act gave no authority to review a matter that had been finally disposed of. In view of these decisions, the practice is, in cases where disability is liable to recur, to make a 'suspensory award' of a nominal sum, or to make a declaration of liability, thus keeping the proceeding alive. See *Owners of the Tynron* v. *Morgan,* 100 L. T. R., 461, 2 B. W. C. C., 406; Note, L. R. A. 1916A, 168. The question was carried to the House of Lords in *Nicholson* v. *Piper* (1907), 97 L. T. R., 119. Compensation had terminated and the workman had resumed work. Later he applied for a review and restoration of compensation on the ground of changed conditions. His application was dismissed on the ground that no further award could be made, as the matter had been finally disposed of. This holding was affirmed by the Court of Appeals, and the workman appealed to the House of Lords, with the result that the judgment was there affirmed. The basis of the decision was tersely stated in the opinion of Lord Robertson: 'The statute postulates as the thing to be operated upon an existing weekly payment susceptible of being "ended, increased or diminished." Now, here there is no such weekly payment extant, and on this short ground the application was untenable.'

"A similar question was raised in *Hunnewell's Case,* 220 Mass., 351, 107 N. E., 934. The Massachusetts statute granting the power of review provides that any weekly

payment may be reviewed and any order issued which is deemed advisable, subject to the provisions of the Compensation Act. The original award based on total disability was to terminate October 19, 1913. On October 16, 1913, a hearing was had upon the claim of the employee that compensation should be continued on account of actual incapacity for work. Later the board filed its finding to the effect that the employee's total incapacity for work on account of personal injury ceased on October 19, 1913, subject to the right of the employee to compensation on account of partial incapacity for work under a specified section of the act, depending upon his ability to earn wages. In accordance with this finding, payment of all compensation ceased on October 19, 1913. The request for review was filed May 4, 1914, and resulted in an award for partial incapacity of weekly compensation dating from February 1, 1914, to continue so long as such incapacity should last. The insurer seasonably objected to the proceedings before the board and took the appeal to test its jurisdiction to make the award. The award was sustained, on the ground that by the terms of the original order all payments under the act were not to end, but that the board in effect retained control of the case for the very purpose accomplished by the award appealed from. In disposing of the claim that, because weekly payments had stopped, there was nothing for the board to deal with on review, and that it could not end, diminish, or increase a weekly payment which had ceased to exist, the court said: 'That contention would be unanswerable if the earlier decision had been that weekly payments should end finally. But, as has been pointed out, that was not the earlier decision and the board in its decision now under review has proceeded strictly in ac-

cordance with the lines left open by express reservation in its former decision.' Elsewhere in the opinion it is said that after a decision ending all payments under the act the board would be without power to revive the matter. 'It would have become ended and be entirely a thing of the past. The doctrine of res judicata would apply to it.' The court regarded the English decisions as 'strongly persuasive of the meaning intended by the General Court.' ''

The conclusion in this leading case, dealing with a statutory provision essentially like ours, seems to be supported by sound reasoning and authority. The word "modified" has reference to the decree awarding the compensation, and it is within the life of this decree that the modification can be made, either on behalf of the petitioner or the defendant. If petitioner can wait for five months after the award has been completed, in our opinion, then there is no reason why he could not wait over a period of years. We think the decree expends its force at the end of the award made by it. In our opinion the statute contemplated that in such a case as this the petitioner should come into court within the period of the award. But conceding that a limitation must be fixed upon the time within which the application may be made, may we not adopt, instead of "the period of the award," that is, the period fixed by the original decree, the period for which compensation might have been awarded under the statute applicable to the particular injury? In 71 C. J., 1449, the text reads: "Unless the act specifies the time within which such a proceeding must be instituted, it may be instituted at any time within the period for which compensation is allowable for the particular injury sustained." This text proceeds, "while the commission

still has jurisdiction of the subject matter.'' However, an examination reveals that Kentucky alone is cited in the notes to sustain this particular rule. These notes are 20 and 21 and the citations are to *Woodford Oil, etc.,* v. *Creech,* 250 Ky., 307, 62 S. W. (2d), 1031; and *Rex Coal Co.* v. *Campbell,* 213 Ky., 636, 281 S. W., 1039, 1040.

Now the opinions in these cases base this holding on the language of the Kentucky statute. Says the Court, ''An application for a review of an award, as given by section 4902, supra, of our Statutes may be had 'at any time,' provided it is not beyond the period for which compensation is allowable under the statute for the particular injuries sustained,'' citing Rex Coal Company and other Kentucky cases. The Kentucky statute expressly so provides, reading ''within the maximum and minimum provided in this act,'' etc.

Immediately following the citation of the Kentucky case by C. J., in notes 22 and 23, *United States Casualty Co.* v. *Smith,* 162 Ga., 130, 133 S. E., 851, 853, is cited for the text reading, ''while the commission still has jurisdiction of the subject matter, and before the matters involved have been judicially determined and become res adjudicata.'' The opinion in this Georgia case (the Georgia statute, Laws 1920, p. 191, section 45 contains the phrase ''at any time'' as does ours) expressly approves *Bosquet* v. *Howe Scale Co., supra,* saying, ''The jurisdiction of the commission over a case is lost when there is full compliance with its award, unless there is a provision *in the act* or *in the award* conferring continued jurisdiction of the case.'' (Italics ours.) In that case the Court held the application in time, but did so on the ground that the original award had contained an express reservation for continuing jurisdiction, citing *Case of*

*Hunnewell*, 220 Mass., 351, 107 N. E., 934 (discussed in the opinion in *Bosquet* v. *Howe Scale Co.*, quoted from above).

The opinion in *Luszcs* v. *Seaboard By-Products Co.*, N. J. Err. & App., 1925, 101 N. J. L., 170, 127 A. 212, 213, is to the same effect, in principle, rejecting a literal construction of the phrase ''at any time,'' and holding that despite this broad language the time is subject to limitation under the terms of that statute. Schneider on Compensation names Connecticut and Rhode Island as the states permitting the application to be made ''only during the compensation period.'' But the holdings rest on the statutes. For example, the headnote in *Henderson* v. *Salvatore Mazzotta et al.* (1931), 113 Conn., 747, 157 A., 67, reads, ''when the compensation period applicable to the claimant's injury *is fixed by statute* at five hundred and twenty weeks, the jurisdiction of the commission over the award continues during this entire period.'' (Italics inserted.) (Schneider does not mention either Kentucky or Texas, in both of which this same rule obtains by express statute. He does not cite any State or case applying this rule of limitation to the period allowable by statute for the particular injury, except where the matter is expressly so provided by the state statute.)

We have carefully read the cases cited by Schneider from Nebraska and Minnesota and cannot find any support therein for the rule that ''the award can be modified within the limit of the compensation period.'' The opinion in the Nebraska case does not show whether or not the application for modification was made after the payments originally awarded had been fully made, and no reference is made to this question. There is no application in this case of this rule, or in the Minnesota cases

cited. These cases hold that the only limitation on the time when the application may be made, is that contained in a statutory provision, not in our act, reading as follows:

"At any time after an award has been made and before the same has been reduced to judgment or writ of *certiorari* issued by the Supreme Court, the commission may for cause, upon application of either party . . . set the award aside and grant a new hearing and thereon determine the matter on its merits and make such findings of fact, conclusions of law, and award or disallowance of compensation or other order, as the pleadings and the evidence . . . shall in its judgment require." *Glassman* v. *Radtke,* 177 Minn., 555, 225 N. W., 889, 890.

There having been no "judgment or writ of *certiorari* issued by the Supreme Court," it was held in the Minnesota cases that there was no limitation whatever on the time for making application for increased compensation. In one of these ten years had elapsed since the making of the original award.

There must be *some* limitation upon the time for reopening a case once decided, unless, as in *Phillips* v. *Memphis, etc., Co.,* 168 Tenn., 481, 79 S. W. (2d), 576, the original judgment recites an agreement of the parties covering the matter. The rule limiting the right to apply for modification to the date of the final periodical payment fixed by the original award is supported by the application to final decrees of the *res adjudicata* doctrine.

It results that the application for modification of the original award, presented after all payments provided for by the original decree had been made, came too late, and the judgment must be reversed.

Green, C. J., and Chambliss and DeHaven, JJ., concur.

McKinney, J., is of the opinion that the judgment of the lower court should be affirmed.

On Petition to Rehear.

Mr. Justice Chambliss delivered the opinion on petition to rehear.

Counsel misconceive the ground on which the decision in this case was rested. It is erroneously assumed that the application for additional and increased compensation was held to have been barred, by operation of some statute of limitations, not provided for in the compensation law, and contrary to previous holdings of this Court, stressing chiefly *Phillips* v. *Memphis Furniture Mfg. Co.,* 168 Tenn., 481, 79 S. W. (2d), 576, and next, perhaps, *Glotfelter Erection Co.* v. *Smith,* 156 Tenn., 268, 200 S. W., 6.

But the determinative question in the instant case was not one of statutory limitations, as in the cases cited, but of judicial jurisdiction. It was held that, while the award in a compensation case was subject to modification under the statute (Code, Section 6892) application therefor must be made while the jurisdiction of the Court over the case continues, and that this jurisdiction no longer exists when and after all periodic or other payments provided for in the original award have been made and the judgment has been fully discharged.

It was held, following the authority and reasoning of the opinion in the leading case of *Bosquet* v. *Howe Scale Co.,* 96 Vt., 364, 120 A., 171, 173, and others cited, that the phrase "at any time" means at any time while the juris-

diction of the Court decreeing the original award continues over the case—that this jurisdiction expires when the case is finally disposed of by discharge of all obligations adjudged by the original decree. I can add nothing to what has been said in the original opinion and in the opinion of the Vermont Court freely quoted from, in support of this view.

However, with further reference to the insistence made for petitioner that our present holding is in conflict with that in the former cases above cited, attention is called to the fact that in the Phillips opinion, at pages 485, 486 of 168 Tenn., 79 S. W. (2d), 576, 577, the distinction between limitations and lack of jurisdiction, as a defense, is recognized. Indeed, that opinion cites the identical case (*Bosquet* v. *Howe Scale Co., supra*) followed in the instant case, and distinguishes it from the Phillips case on this very point of jurisdiction. I quote from our opinion in the Phillips case the following:

"More in point are decisions cited of the courts of New Jersey, Vermont, and Georgia construing statutes containing no limitation on the time within which applications must be brought for increased or additional awards based on the original injury once finally adjudged. But in none of these cases had reservation of this right been expressly made in the decree of award, as appears here. And the language of the paragraph quoted from the opinion in the Vermont case relied on (*Bosquet* v. *Howe Scale Co.*, 96 Vt., 364, 120 A., 171, 173) is as follows: 'We are constrained to hold that the phrase "at any time" does not give the commissioner continuing jurisdiction, unlimited as to time, but means at any time before a claim for compensation pending with him is finally disposed of.'

"The distinctive point is apparent. The thing lacking in that case is supplied here. By the express terms of the decree in the instant case, the jurisdictional right was extended and final disposition was deferred, and this by agreement and consent of the parties."

In other words, we thus expressly found that the question of jurisdiction of the Court over the decree was not involved in that case. (Nor did it arise in the Glotfelter case, either on the facts appearing, or in the discussion by the Court.) The determinative distinction on the facts between the Phillips case and the present case is that in that case jurisdiction was preserved by "agreement and consent of the parties," which the record in the instant case does not show. The provision in the judgment in the instant case for future modification, not shown to have been "by agreement and consent of the parties," was effective to extend the jurisdiction of the Court only if invoked "at any time" before the claim adjudged was fully discharged and the Court's jurisdiction exhausted. Petition denied.