Bruce **MITCHELL**, Plaintiff,

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY,**
Defendant.

**Civ. A. No. 1227.**

United States District Court
E. D. Tennessee,
Northeastern Division.

April 30, 1962.

Supplemental Opinion June 7, 1962.

Harry L. Garrett, Kingsport, Tenn., for plaintiff.

E. Lynn Minter, Minter, McLellan & Tipton, Kingsport, Tenn., for defendant.

NEESE, District Judge.

The plaintiff filed this petition for a modification of a previous award under the Tennessee Workmen's Compensation Law before the date of the final periodic payment in the original award of benefits. T.C.A. § 50–1025; Nelson v. Cambria Coal Company, 178 Tenn. 389, 401, 158 S.W.2d 717, 160 S.W.2d 412, 165 A.L.R. 1; memorandum opinion of this court filed February 8, 1962. The only question now before the Court is whether there has been an increase in the plaintiff's incapacity due solely to the injury he sustained on January 15, 1957 since the date of the original award. Hartford Hosiery Mills v. Jernigan (1929), 149 Tenn. 241, 259 S.W. 546.

Two medical doctors testified on the hearing of this petition that the plaintiff is now totally disabled, one of them pointing out indicia of the plaintiff's increased incapacity and the other finding the plaintiff's incapacity identical with his incapacity in 1958. It is undisputed that the plaintiff's present condition is due solely to the heart attack he suffered on January 15, 1957. This Court, in a bench opinion rendered on March 11, 1958 by (now Chief) District Judge Robert L. Taylor, so found. It matters not, therefore, that these same physicians testified in the 1958 hearing, as well as in the instant hearing, that the plaintiff's disability was, and is, 100%; Judge Taylor's conclusion that the disability in 1958 was only 50% pretermits the present consideration of that question. R. J. Reynolds Tobacco Co. v. Rollins (1958), 203 Tenn. 565, 315 S.W.2d 1.

 Accordingly, this Court finds that the more recent testimony of the physicians, when viewed in light of this Court's finding of a 50% disability in 1958, is tantamount to an increase in the plaintiff's incapacity due solely to his 1957 injury since the date of the original award. On submission of a proper Order of Judgment the Court will grant the plaintiff an additional award of workmen's compensation benefits under T.C.A. § 50–1025 of $32.00 per week for 200 weeks beginning as of the 201st week following the start of payments under the original award herein.

## SUPPLEMENTAL OPINION.

By amended motion of the defendant for a modification of the Court's earlier opinion herein, Mitchell v. United States Fidelity and Guaranty Company, D.C. Tenn. (1962), the Court's attention is directed to the fact that its additional award of workmen's compensation benefits to the plaintiff Mitchell under T.C.A. § 50–1025 exceeds the total amount payable under Tennessee law as it existed on January 15, 1957 when the plaintiff was injured.

The pertinent statutory provision in effect on the above date was as follows: "* * * The total amount of compensation payable under the schedule in Sub-section (c) shall not exceed Ten Thousand ($10,000.00) Dollars in any case." T.C.A. § 50–1007(c), as amended by Public Acts of Tennessee, 1955, chapter 182, section 3.

There is disclosed no legislative intent to make subsequent amendments to T.C.A. § 50–1007, as amended to January 15, 1957, retroactive so as to apply to persons injured prior to the subsequent amendments. Franklin v. Travelers Insurance Company, D.C.Tenn. (1957), 155 F.Supp. 746, 747.

 The right of an injured employee to compensation benefits arises from his contractual relationship with his employer existing at the *time* of his injury, and the statute *then* in force forms a part of the contract and determines the substantive rights and obli-gations of the parties. 58 Am.Jur. 599, Workmen's Compensation, Sec. 33; 82 A.L.R. 1244. To the extent that workmen's compensation statutes do form a part of the contractual relationship between an employee and his employer, the Constitution of the United States prohibits the enacting states from impairing the obligation of such contracts. Cf. Phillips v. City of West Palm Beach (Fla.S.Ct.), 70 So.2d 345; Salmon v. Denhart Elevators, 72 S.D. 110, 30 N.W. 2d 644.

Therefore the last sentence in the Court's opinion filed April 30, 1962 hereby is amended to read as follows: On submission of a proper Order of Judgment the Court will grant the plaintiff an additional award of workmen's compensation benefits under T.C.A. § 50–1025 of $30.00 per week for 133 weeks, beginning as of the 201st week following the start of payments under the original award herein, and of $10.00 for the 334th week.