### STATE of Alaska WORKMEN'S COMPENSATION BOARD, Appellant,

v.

### Patrick DELANEY, Alaska Airlines and Industrial Indemnity Company of Alaska, Inc., Appellees.

No. 4461.

Supreme Court of Alaska.

Aug. 8, 1980.

Bruce M. Botelho, Asst. Atty. Gen., Avrum M. Gross, Atty. Gen., Juneau, for appellant.

Donna C. Willard, Anchorage, for appellee Delaney.

Sanford M. Gibbs, Hagans, Smith, Brown, Erwin & Gibbs, Anchorage, for appellees.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER,* BURKE and MATTHEWS, JJ.

* This case was submitted to the court for decision prior to Justice Boochever's resignation.

---

OPINION

MATTHEWS, Justice.

Patrick Delaney, while employed as a pilot for Alaska Airlines suffered a corneal abrasion on January 29, 1975. Recurrent problems associated with this injury resulted in the denial on May 3, 1976 of a medical certificate which he needed to work as a pilot. Shortly thereafter Delaney filed a claim for disability benefits with the Alaska Workmen's Compensation Board.

At the time of the injury AS 23.30.190(5) provided for a maximum payment of $11,-200.00 as permanent partial disability for the loss of one eye.[1] Effective May 22, 1975 the statute was amended, increasing the maximum compensation payable to $22,-400.00.[2]

In 1974 the legislature enacted ch. 51, SLA 1974 effective May 4, 1974 which provided:

Section 1. AS 23.30 is amended by adding a new section to read:

ARTICLE 5. COMPUTATION OF COMPENSATION.

Sec. 23.30.172. BENEFIT ADJUSTMENTS. Benefits for temporary and permanent disability shall be calculated under this chapter according to currently existing benefit rates regardless of the benefit rates in existence at the time of the injury, unless this calculation would cause a decrease in the actual benefits receivable.

Sec. 2. The provisions of this Act apply to persons receiving benefits under AS 23.30 before the effective date of this Act. Funds needed to carry out the pro-

visions of this section shall be appropriated from the general fund.

This provision was amended in 1976 (§ 3, ch. 252 SLA 1976) and was repealed entirely, effective August 31, 1977 (§ 11, ch. 75 SLA 1977).

The hearing on Delaney's claim was held on October 14, 1977. At the hearing, Industrial Indemnity Company of Alaska, insurance carrier for Alaska Airlines, offered to treat Delaney's injury as a scheduled injury equivalent to the total loss of one eye. Delaney's counsel accepted the offer. The parties disagreed, however, as to whether the pre- or post- May 22, 1975 version of § 190(5) should govern Delaney's award.

The Board held that the $22,400.00 scheduled maximum expressed in the later version of § 190(5) should control, since it was in effect when Delaney's condition was first rated. The Board found that rating had in effect taken place in early September of 1976 by means of Industrial Indemnity's offer to pay for the complete loss of one eye and its advancement of funds to accomplish this at that time. The Board stated:

At the time of hearing the board had consistently found that the scheduled permanent partial disability maximum in effect on the date of injury should be applied regardless of when the disability was rated and paid. However, since that time in *Hood v. State*, [574 P.2d 811 (Alaska 1978)], the Alaska Supreme Court has held that under the provisions of AS 23.30.172, as enacted effective May 14, 1974 through September 21, 1976, the scheduled permanent partial disability maximum in effect at the time the condi-

---

1. AS 23.30.190 stated:

*Compensation for permanent partial disability.* In case of disability partial in character but permanent in quality the compensation is 65 per cent of the average weekly wages in addition to compensation for temporary total disability or temporary partial disability paid in accordance with §§ 185 or 200 of this chapter, respectively, and shall be paid to the employee as follows:

(5) eye lost, 140 weeks compensation, not to exceed $11,200;

2. AS 23.30.190 states:

*Compensation for permanent partial disability.* (a) In case of disability partial in character but permanent in quality the compensation is 66⅔ per cent of the injured employee's average weekly wages in addition to compensation for temporary total disability or temporary partial disability paid in accordance with §§ 185 or 200 of this chapter, respectively, and shall be paid to the employee as follows:

(5) eye lost, 140 weeks compensation, not to exceed $22,400;

tion is rated as a permanent partial disability should be used. [Footnote omitted].

Industrial Indemnity appealed the decision of the Board to the Superior Court contending, among other things, that its obligation to pay was controlled by the date of Delaney's injury and that any increased compensation required under AS 23.30.172 should be paid by the State of Alaska.

The Superior Court agreed, holding the State liable for that portion of the award in excess of $11,200.00, the maximum in effect at the date of the injury. The court stated:

It is clear from the above agreed facts for the purposes of this motion that Mr. Delaney is entitled to the increased compensation provided by AS 23.30.190(5) as amended on May 22, 1975. *Hood v. State*, 574 P.2d 811 (Alaska 1978). There remains the question of who is to pay for the increased compensation, $22,400.00 instead of $11,200.00. The State of Alaska must pay pursuant to § 2, ch. 51 SLA 1974. To find otherwise would be to unconstitutionally impair the obligation of the insurance contract between the employer and the insurance carrier. Art. I, Sec. 10 of the United States Constitution and Art. I, Sec. 15 of the Alaska Constitution; *Trustees of Dartmouth College v. Woodward*, 4 Wheat. 518, 4 L.Ed. 629 (1819). If it was the decision of this court to hold that the insurance carrier was obliged to pay the increased compensation, then it would be necessary to find the provision allowing Mr. Delaney the increased compensation to be unconstitutional. Courts should, if possible, construe statutes to avoid the danger of unconstitutionality. *Kimoktoak v. State*, 584 P.2d 25 (Alaska 1978). It is consistent with the *Hood* case to find the award of increased compensation to Mr. Delaney constitutional.

From this decision the State has appealed.

In *Hood v. State*, 574 P.2d 811 (Alaska 1978), we held that AS 23.30.172, as it exist-

ed from May 4, 1974 through September 21, 1976, required that permanent partial disability payments be calculated under the statutory schedule in effect at the time the injury is first rated. In *Hood*, the injury had taken place prior to the effective date of § 172 and prior to amendment of § 190, but it was not rated until after both sections became effective. We held that Hood was entitled to compensation at the increased rates provided under § 190, as amended. Further, we held that the State was required to pay for the increased compensation based on § 2, ch. 51 SLA 1974,[3] since Hood had received benefits under the Workmen's Compensation Act prior to the effective date of ch. 51. There was thus no occasion to consider whether there had been an unconstitutional impairment of the contract between Hood's employer and his insurance company. *Hood*, 574 P.2d at 816, and note 13.

■ There are two important differences between this case and *Hood*, First, § 2, ch. 51 SLA 1974 is inapplicable here because Delaney did not receive benefits under the Workmen's Compensation Act prior to the effective date of ch. 51, May 4, 1974. Second, Hood was injured before the effective date of ch. 51 while Delaney was injured after that date. Thus, at the time Delaney was injured the law provided that an injured worker would be paid disability benefits at the rate in effect when he was rated rather than that in effect when he was injured.

Industrial Indemnity argues that "it had a vested right in the compensation schedule existing at the time of Delaney's injury and that its substantive right could not be abridged by the legislature's amendment to the statutory schedule." That argument could have been made forcefully in *Hood*, where the injury came before the enactment of § 172, but not in a case such as this where the injury took place after § 172 was in operation. The law pertaining to com-

**3.** § 2, ch. 51 SLA 1974 provided:

The provisions of this Act apply to persons receiving benefits under AS 23.30 before the

effective date of this Act. Funds needed to carry out the provisions of this section shall be appropriated from the general fund.

pensation at the time of Delaney's injury provided that compensation would be paid at the rates effective at the time the injury was rated. That statutory scheme was incorporated into the insurance contract between Industrial Indemnity and Alaska Airlines. In view of this, we fail to see how a reasonable argument can be made that an increase in compensation rates made after the injury but prior to its rating can have impaired the contract.

We see no unfairness inherent in this conclusion. Because of § 172 Industrial Indemnity had no reasonable expectation that the benefit rates in effect at the time of the injury would remain constant. The statute obviously anticipates that they will change, and the fact that the extent of the change could not be predicted is in no sense unusual. As we have stated in a similar context, "[a]n important aspect of all contracts . . . is allocating the risk of future change." *Wien Air Alaska v. Arant*, 592 P.2d 352, 363 (Alaska 1979). Periodic premium adjustments can be made to reflect changes in loss/premium ratios. *See* AS 21.39.010 *et seq.*

Our conclusion is supported by considerable authority from other jurisdictions. *See, e.g., Price v. All American Engineering Co.*, 320 A.2d 336, 339–40 (Del. 1974); *Lakics v. Lane Bryant Department Store*, 263 N.W.2d 608 (Minn. 1978); *McAllister v. Board of Education*, 79 N.J.Super. 249, 191 A.2d 212, 217–18 (1963); *Schmidt v. Wolf Contracting Co., Inc.*, 269 App.Div. 201, 55 N.Y.S.2d 162,

169 (1945), *aff'd per curiam* 295 N.Y. 748, 65 N.E.2d 568 (1946); *Independent School District No. 89 v. McReynolds*, 528 P.2d 313 (Okl. 1974); *Lester v. State Workmen's Compensation Commissioner*, 242 S.E.2d 443, 449–51 (W.Va. 1978); *Sizemore v. State Workmen's Compensation Commissioner*, 219 S.E.2d 912 (W.Va. 1975); *and see State Insurance Fund v. Pesce*, 548 F.2d 1112 (2nd Cir. 1977) holding no due process violation in a circumstance similar to that presented here.

The authorities cited by Industrial Indemnity, *Mitchell v. United States Fidelity & Guaranty Co.*, 206 F.Supp. 489, 490 (E.D. Tenn. 1962); *Beth-Elkhorn Corp. v. Thomas*, 404 S.W.2d 16, 18 (Ky. 1966); and *Miller v. Dunn Paper Co.*, 47 Mich.App. 471, 209 N.W.2d 519 (1973) cannot be read as contrary to the result reached here because they did not involve statutes in effect at the time of injury providing that the rates which would govern would be those in effect at some future time.

The judgment of the Superior Court is reversed and this case is remanded for further proceedings consistent with this opinion.