[No. 31491. Department One. October 18, 1951.]

WILLIAM SOUTHERN, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

*Roy E. Jackson* and *Nelson R. Anderson,* for appellant.

*The Attorney General* and *Jack Rowles, Assistant,* for respondent.

FINLEY, J.—Appellant, hereinafter referred to as claimant, was injured on October 24, 1933, while in the employ of

[1] Reported in 236 P. (2d) 548.

the Umstatt Shingle Company and engaged in extrahazardous work as defined in the workmen's compensation act. On the filing of his claim with the department of labor and industries, hereinafter called the department, he was allowed time loss to September 18, 1934, by the supervisor. An appeal from that order to the joint board resulted in an agreement that claimant receive ten degrees permanent partial disability and the sum of three hundred dollars. The claim was closed on that basis on May 13, 1935. On September 12, 1935, claimant filed what he designates as "Petitions for Rehearing" with the joint board, asking for a review of the order of May 13, 1935. He set forth conditions indicating aggravation since that date, and prayed that he be allowed total permanent disability according to law. Review of claimant's case was granted only as to the question of aggravation occurring subsequent to May 23, 1935. Claimant was not satisfied with this action and appealed to the superior court for Snohomish county on October 30, 1935.

Subsequently, the department conferred with claimant's attorney relative to a settlement. Claimant, on January 17, 1936, filed with the department a petition to compromise and settle the claim, stating that he

". . . requests his present classification temporary total disability be changed and that he be classified by the Supervisor of Industrial Insurance as a case of total permanent disability and that his pension for said classification as provided by law be computed and be converted into a lump sum payment in the sum of *$900.00*. That upon receipt by him of warrant in the sum of $900.00 your Petitioner hereby releases and discharges the Department of Labor and Industries from any and all claims and demands for further compensation, present or future, arising from his injury of October 24th 1933, as aforesaid."

Claimant was advised by the department that his appeal then pending in the superior court would have to be dismissed before the compromise could be consummated. However, on January 20, 1936, the joint board reversed the May 13, 1935, order of the supervisor. The "Summary and Finding" of the board states that the claim came before the board for review of the aforementioned order of the

supervisor, and that the error alleged by the claimant is the failure of the supervisor to rule, (a) that claimant is entitled to temporary total disability compensation since October 27, 1934, and (b) that at all times since that date he has been permanently disabled. The findings indicated that the board believed claimant had suffered a greater disability than that which he had been allowed. The summary sheet reads as follows:

"This matter coming on for consideration it is hereby ordered that the Supervisor be reversed and that the claimaent be adjudged totally permanently disabled. See Joint Board Order dated January 20, 1936."

The pending court appeal was dismissed with prejudice on January 31, 1936, by the superior court on the basis of a stipulation of the parties entered into as of January 25, 1936, and reciting that the action had been fully settled and should be dismissed with prejudice.

The supervisor, on February 3, 1936, entered his order that the claim be closed with payment in a lump sum of nine hundred dollars.

On May 27, 1949, claimant filed a petition for review and readjustment of compensation which recited the facts of injury and settlement and classification of total permanent disability and alleged that claimant was entitled to a lump sum settlement of four thousand dollars, less the nine hundred dollars already received. The claim was denied by the supervisor and this ruling was affirmed upon appeal to the joint board, whereupon claimant appealed to the superior court. The trial court adjudged that the order of the board should be affirmed. From this judgment claimant appeals to this court.

█ The question before us is whether the department has the authority to effect a compromise with a claimant, classifying him as totally permanently disabled, but paying him an arbitrary amount in a lump sum settlement, considerably less than the statutory award provided for the particular classification. It is our opinion that the department has no such authority, and that its action in this case was improper.

Perhaps it would be well to point out the distinction between a compromise and the so-called lump sum settlement. The latter is merely a *different method* of payment, the commutation of periodical payments into one or more lump sum payments. Compromise, on the other hand, where permitted, may involve the degree of disability granted and/or the total amount to be paid. See Dodd, Administration of Workmen's Compensation 186, chapter VII.

After a classification of total permanent disability, the department has the authority, under Rem. Rev. Stat., § 7681 [P.P.C. § 705-13], to grant a monthly pension or to convert it into a present cash settlement. When the department elects to make a cash settlement or conversion it must do so in compliance with the formula set out in this section:

"In case of death or permanent total disability the monthly payment provided may be converted, in whole or in part, into a lump sum payment (not in any case to exceed four thousand dollars ($4,000.00), equal or proportionate as the case may be to the value of the annuity then remaining, to be fixed and certified by the state insurance commissioner, in which event the monthly payment shall cease in whole or in part accordingly or proportionately. . . ." [Rem. Supp. 1941, § 7681, increases maximum of lump sum payment to $5,000.]

In the case at bar, the amount received by the claimant was neither equal nor proportionate to the value of the annuity then remaining, and was neither fixed nor certified by the state insurance commissioner.

It is evident from the record that the department's classification of claimant as totally permanently disabled and its award to him of the lump sum of nine hundred dollars were component parts of a compromise between the claimant and the department resulting from claimant's so-called petition to compromise and settle the claim.

We have again arrived at the crux of the matter before us: May the department and the claimant compromise? We find nothing in the workmen's compensation act authorizing the department of labor and industries to compromise

with a claimant. The act sets up the procedure and the administrative method by which claims are adjudicated, classifications determined, and awards made. ". . . That method and that procedure are exclusive, and remain so until lawfully repealed either expressly or by such implication as makes its repeal necessary." *State ex rel. Trenholm v. Yelle,* 174 Wash. 547, 552, 25 P. (2d) 569, 28 P. (2d) 1119. This appears to be consistent with the thinking of authorities on the question of compromise of industrial insurance claims. The "close out and compromise racket" in New Jersey was recently criticized in an official report reading: "Either the petitioner has a claim or he has not. The department is created to determine that question." Joint Commission on Study of the Workmen's Compensation Act and Practices, Report (1935), pp. 15, 17. (Dodd, Administration of Workmen's Compensation 194.) A study of children's injuries in Illinois and Tennessee resulted in the following conclusion:

"Essential points in determining the child's rights to compensation and the amount to which he is entitled may be the subject of bargaining rather than of disposition on the basis of officially determined facts, and the spirit of compensation legislation is thus nullified. The settlement contract introduced in the disposition of cases in Illinois and the compromise settlements permitted in Tennessee have had a tendency to put compensation settlements back on the old basis of 'trading' in human injuries that existed in common law procedure." National Child Labor Committee, *When Children are Injured in Industry,* Report of a Follow-up Study of 167 Children Injured in Industrial Accidents in Tennessee, Illinois, and Wisconsin (1933), p. 42. (Dodd, Administration of Workmen's Compensation 194.)

As summed up by Dodd in his book on the Administration of Workmen's Compensation, at page 195:

"Although the power to permit compromises occasionally produces a desirable result, the dangers of abuse are much greater than the possibilities of benefit. The machinery of compensation is devised to settle the issues in contested claims—to deny the claim if it has no basis, to allow it to the full amount authorized by law if it is meritorious."

■ Unlike prior cases, the compromise in this case encompasses both the classification of the claimant as totally permanently disabled and the payment to him of nine hundred dollars. In view of this fact it is incumbent upon us to declare the whole transaction void.

We believe, however, that there may be evidence in the record to warrant a finding of total permanent disability, but that such finding should be reached, if at all, according to the procedure set up in the act. For this reason, we refer the matter back to the department for review of appellant's claim and an adjudication of his classification. He may then receive the benefits to which he is entitled on the basis of his classification.

If the claimant is classified as totally permanently disabled, the nine hundred dollars already paid to him must be considered as an advance on the award to which he is entitled by virtue of this classification. The precise nature of the advance should be determined by the department in accordance with authorized procedures. How the remainder of the award is to be handled is again a matter to be worked out by the department in compliance with applicable statutory provisions.

If claimant receives a classification other than that of total permanent disability, the award to which he is entitled should be reduced by the nine hundred dollars; and if this award, based on his classification, is less than nine hundred dollars, claimant should be required to repay to the department the difference between the amount of the award and the nine hundred dollars.

The cause is remanded with instructions that the superior court order the department to proceed in accordance with the views expressed herein.

SCHWELLENBACH, C. J., and DONWORTH, J., concur.

HILL, J., concurs in the result.