Mrs. Dorothy Leaver

*v.*

Rudy Sausage Company.

(*Nashville,* December Term, 1959.)

Opinion filed March 11, 1960.

Phil M. Howse, Jr., Thos. O. H. Smith, Nashville, for plaintiff in error.

Stephenson, Lackey & Holman, Nashville, for defendant in error.

Mr. Chief Justice Prewitt delivered the opinion of the Court.

This is an appeal in the nature of a writ of error from a judgment of the Circuit Court of Davidson County, and sustaining a demurrer of the defendant, Rudy Sausage Company, and dismissing a petition of the plaintiff to reopen a workmen's compensation case and to grant her an additional award for increased disability.

On August 18, 1959, the plaintiff's suit for workmen's compensation against the defendant was tried, and resulted in an award of compensation and other benefits to the plaintiff. Plaintiff was found to be temporarily totally disabled from February 5, 1959, through the date of the trial and was found that she would be so disabled for two additional weeks, after which time she would be able to resume her normal employment.

As the defendant had already paid the plaintiff over ten weeks disability, the court awarded a judgment for the remainder due the plaintiff up to the trial date in the amount of $567.10.

The court further ordered the defendant to pay compensation at the rate of $32 periodically for two more

weeks, the final payment to be due on September 3, 1959. Judgment was likewise given for certain medical expenses.

On September 1, 1959, before any part of the judgment or award of August 18th, had been paid, the plaintiff filed a new petition in the case alleging increased disability and prayed that the matter be reopened and the plaintiff awarded additional compensation benefits.

The defendant filed a demurrer to the petition. One of the grounds for demurrer is that the petition was premature in that it was filed only two weeks after the date of the initial award in this cause, and T.C.A. sec. 50-1025 provides that no application for modification may be made until six months after the date of the initial award. The initial award of compensation did not provide for periodical payments for more than six months, and therefore the initial award is not subject to modification under T.C.A. sec. 50-1025.

It has been held in numerous cases that T.C.A. sec. 50-1025 is the only provision of the workmen's compensation law permitting the reopening of the case and a modification of the compensation award, and that except for the rights under such Section, a judgment in a compensation case is just as final as a judgment in any other case.

Under T.C.A. sec. 50-1025 the only type of judgment or award in a compensation case that may be reopened or modified is any award payable periodically for more than six months. The award in the present case simply was not payable for more than six months, it was payable for only two weeks.

In this connection see *Nelson v. Cambria Coal Company,* 178 Tenn. 389, 158 S.W.2d 717, 160 S.W.2d 412, 165 A.L.R. 1, and *Hay v. Woosley,* 175 Tenn. 475, 135 S.W.2d 933.

Furthermore, there is material evidence that the plaintiff was found to be temporarily totally disabled from February 5, 1959, through the date of the trial, and also further found that she would be so disabled for two additional weeks, and after which time would be able to resume her normal employment.

For the reasons above stated the judgment of the lower court is affirmed.