ELLER BROTHERS, INC. and AETNA CASUALTY &
SURETY COMPANY

*v.*

CORNELIUS TOM PERKINS

443 S.W.2d 440

(*Nashville,* December Term, 1968.)

Opinion filed July 11, 1969.

Billy C. Jack, Columbia, of counsel, MacFarland, Colley, Blank & Jack, Columbia, for plaintiff in error.

Walter E. Nesbit and William B. Cain, Columbia, of counsel, Moore, Henry, Henry, Lewis & Cain, Columbia, for defendant in error.

Mr. Chief Justice Burnett delivered the opinion of Court.

This is what might be termed the backfire of a Workmen's Compensation case. By agreement of counsel

nothing is involved herein that isn't disclosed by the technical record. After an appeal had been perfected counsel withdrew the bill of exceptions and frankly state that they bottom their case only on what is shown by the technical record.

On October 31, 1967, a consent order was entered into by the employee, employer and its insurance carrier fixing a certain percentage of disability to the employee which grew out of and in the course of his employment. Sometime later, on or about March 1, 1968, as far as the pleadings show the employee felt that he had not received proper compensation for the injuries he had received, and thus it was that he filed a petition in the court seeking to set this award aside and to be compensated under the act for the injuries he had received. This petition was first met with a motion to dismiss it, because the money received in the agreed decree had not been tendered into court. A few days later this money was tendered into court and an amended petition filed. After this petition had been filed and certain other preliminary steps having taken place, the employer and insurance carrier moved on April 23, 1968, to dismiss the suit because an application for a rehearing was not made to the court by the employee within thirty days from the date that the court had previously approved the settlement, and all papers were received by the Tennessee Department of Labor, Workmen's Compensation Division, as required by sec. 50-1006, T.C.A. This motion was heard on the same day that it was filed, and the court entered an order overruling said motion and said this in the order:

"In the event the Court is mistaken in the premises the Court is of the opinion this is a case wherein the

petition to modify the original award has the requisite of a petition for writ of error coram nobis and that, in order that the ends of justice be met, that the petition be considered in the nature of a writ of error coram nobis, and is thereby attempting to follow the practice set out in *Central Franklin Process Company versus Gann*, 175 Tenn. 267 [133 S.W.2d 503], and in the case of *Lindsey versus Hunt* [215 Tenn. 406], 384 S.W.(2) 441, [387 S.W.2d 344]."

The *Hunt* opinion is likewise reported in 215 Tenn., at page 406, 384 S.W.2d at page 441. Then follows a finding of the court that "Perkins was prevented from making out his full case on the merits because of surprise, accident or mistake without fault on his part, in that the doctor was mistaken as to the full extent of his disability at the time of the approval of the settlement by the Court, from the facts alleged in the petition, and accepting these facts to be true so far as the hearing on this petition is concerned."

Obviously, counsel for the employer and insurance carrier in asking that the bill of exceptions be stricken did not desire any finding of fact as would have to be if there was a bill of exceptions properly filed in the record.

In the absence of a bill of exceptions the presumption is indisputable that the conclusion reached by the jury is that which the evidence justified and required. *Scruggs v. Heiskell*, 95 Tenn. 455, 32 S.W. 386: *Pratt v. Gillespie*, 97 Tenn. 217, 36 S.W. 1097; *Daniel v. East Tennessee Coal Company*, 105 Tenn. 470, 58 S.W. 859; and *Bundren v. State*, 109 Tenn. 225, 70 S.W. 368. Even though this latter case is a criminal case the opinion supports the above statement. In other words in any

civil case, or criminal case as far as that is concerned, when purely a question of fact is raised in the appeal of the case, which is not supported by the bill of exceptions, presumptively the judgment of the trial court is correct. Obviously this is the reason that no bill of exceptions is wanted herein, because it is conclusively presumed, if a bill of exceptions had been filed, it would have supported the judgment and order of the trial court herein quoted from the finding of the trial judge.

We have searched this record from beginning to end, and we fail to find anything in the technical record which supports the assignment of error of the plaintiff in error that the motion of the employer and its insurance carrier that the case should be dismissed because it had not been filed within thirty days from the time the settlement had been entered into. What is in a technical record can be very easily found by reading History of a Lawsuit, Gilreath, 6th Ed., sec. 383, et seq. The only thing found in this record as to the time this agreed settlement was filed with the Department of Labor is a statement in the answer in this record made by the employer and insurance carrier. Obviously, this answer is nothing more than a pleading and the statements made that certain things were done at a certain time are fact questions. There is no stipulation of facts herein, and even a stipulation would be a fact. There is nothing to show this contention, consequently we must overrule this assignment of error.

This Court in one of its early compensation cases, *Hartwell Motor Co. v. Hickerson,* 160 Tenn. 513, 26 S.W.2d 153, made this observation, which has been followed in a number of later cases:

"The policy of the courts in construing these statutes seems to be to get away from technical pleading, simplify the procedure as much as possible, and limit the pleadings and proof to the issues as to which the parties are unable to agree.

"The provisions of our act as to pleading and procedure are quite meager, and the court, in formulating the proper practice, should give effect to the purpose and object to be attained.

"We are unable to find any cases from other jurisdictions where the question of pleading is discussed further than expressions to the effect that they are informal, nontechnical, simple and not governed by the rules of the common law."

Thus it is, in applying such a rule governing the situation as presented by the technical record herein, we find that the trial judge in his wisdom in trying such cases as he has done over a period of years could see that this man was entitled to a hearing and thus it was that he turned the pleading into a writ of error coram nobis and he stated there in an order his reasons for so doing.

The judgment of this Court, therefore, is that all assignments of error be overruled and the judgment of the trial court is affirmed.