**Paul J. CORBY, Appellant,**

v.

**E. N. MATTHEWS, Jr., d/b/a Matthews Construction Company and Aetna Life & Casualty Insurance Company, Appellees.**

Supreme Court of Tennessee.

Oct. 4, 1976.

---

John D. Goodin, Johnson City, for appellant.

Donald D. Oakley, Morristown, for appellees.

## OPINION

BROCK, Justice.

This is a workmen's compensation dispute.

On February 3, 1975, the Chancery Court for Greene County entered a decree approving and adopting a lump sum compromise settlement agreement entered into between the employee, Paul J. Corby, and his employer, E. N. Matthews, Jr., and the employer's insurer, Aetna Life & Casualty Insurance Company. Thereafter, on July 7, 1975, the employee, Corby, filed a complaint seeking to have the decree set aside upon the alleged ground that the court lacked jurisdiction to render the same; and, in the alternative, praying that said decree be reopened and that he be allowed additional benefits under the Workmen's Compensation Act.

Without filing an answer, affidavits or any other documents, the defendant-employer filed a motion for summary judgment in which it asserted that the defendant was entitled to judgment as a matter of law because the consent decree sought to be set aside was valid and had been entered more than 30 days before the employee filed his application to have it set aside. The Chancellor granted the motion for summary judgment and dismissed the complaint. This appeal is presented on the technical record without aid of a bill of exceptions.

### I

We consider first the assertion of the employee that the consent decree approving the lump sum settlement is void for lack of jurisdiction of the court. As we understand the employee's argument, it is that the Chancery Court of Greene County lacked jurisdiction to entertain the joint petition seeking approval of the lump sum settlement because the plaintiff's residence, the defendant's principal place of business, and the occurrence of the accident were all in Washington County. However, the authorities cited by the employee for his position, *Chambers v. Sanford & Treadway,* 154

Tenn. 134, 289 S.W. 533 (1926); *Redman v. DuPont Rayon Company,* 165 Tenn. 585, 56 S.W.2d 737 (1933); *Insurance Company of North America v. Lane,* 215 Tenn. 376, 386 S.W.2d 513 (1965), do not support him. Each of these cases deals with venue of contested workmen's compensation proceedings. In this case, the proceeding was by joint petition filed by the employee, the employer and the insurer. A plaintiff, by filing suit, waives any right to dispute venue. Thus, all three parties necessarily waived any privilege to assert that venue was in any county other than the one in which they filed the joint petition. Venue in transitory actions, as distinguished from purely local actions, amounts to nothing more than a privilege of the defendant to be sued in a particular county or counties, as designated by statute, a privilege which the defendant must assert at the outset by a motion to dismiss or be held to have waived it. T.C.A. § 20–406. It is axiomatic that workmen's compensation proceedings are transitory in nature and that the chancery courts of this State have jurisdiction to entertain the same. Accordingly, the assertion that the Chancery Court for Greene County was without jurisdiction to entertain the joint petition for approval of the lump sum settlement is without merit and is overruled.

### II

We next consider the merits of the plaintiff's claim that he is entitled to have the consent degree approving the lump sum settlement agreement set aside and additional benefits awarded to him.

The plaintiff was injured on March 27, 1974, in an accident arising out of and in the course of his employment when he sustained an injury to his right shoulder as he was hauling concrete mix in a heavy truck which reared up and turned over. He received medical treatment and surgery by Dr. John H. Bell, an orthopedic surgeon provided by the defendant. Dr. Bell found the plaintiff to have sustained a "fracture of the tuberosity, right shoulder, and a dislocating biceps tendon from groove in upper

humerus, right." Dr. Bell performed a bicipital tendon transfer from the glenoid attachment to the humeral head, right shoulder, on August 27, 1974.

The joint petition alleged that it was the opinion of Dr. Bell that plaintiff sustained a 10% permanent impairment to the right arm as a result of the injury. It also alleged that "although the said employee has reached his maximum improvement, it is anticipated that he may require further medical care because of the nature of his injury, and the said Aetna Life & Casualty Company, in addition to the other benefits, agrees to pay for any medical expenses because of said injury, administered or authorized by the said Dr. John H. Bell, through January 31, 1976." The joint petition recited that the employee had been paid benefits for temporary total disability amounting to $2,480.00, being $62.00 per week for a period of 40 weeks, and that the insurer of the employer had also paid medical benefits amounting to a total of $2,878.45. It further recited that the plaintiff-employee had agreed to accept and the employer and insurer had agreed to pay a lump sum of $2,480.00 representing compensation for a 20% permanent partial disability of the right arm or 40 weeks of compensation at the rate of $62.00 per week. It was also stated in said petition that "said lump sum payment is to be in full and final settlement of any and all claims the plaintiff, Paul J. Corby, may have against either E. N. Matthews, Jr., d/b/a E. N. Matthews Construction Company or Aetna Life & Casualty Company, for medical care, permanent partial disability, temporary total disability, or for any other benefits under the terms and provisions of the Workmen's Compensation Law of the State of Tennessee, arising in and growing out of the accidental injury occurring on or about March 27, 1974." The petition concluded with a prayer by all three parties, the employee, employer and insurer, that the court approve the settlement and enter a decree accordingly. Said petition was signed by Paul J. Corby, pro se, and by Donald B. Oakley, attorney for the employer and insurer.

The decree of the Chancery Court entered pursuant to said joint petition recited the stipulations contained in said petition and approved and ratified the lump sum settlement. It also contains a finding that the settlement "is a fair and reasonable settlement and in substantial compliance with the terms and provisions of the Workmen's Compensation Law of the State of Tennessee, and the same is found by the court to be to the best interests of the said Paul J. Corby."

The consent decree was entered on February 3, 1975. Five months later, on July 7, 1975, the employee filed a complaint to have it set aside. This complaint alleges that:

### III.

"Subsequently on the 3rd day of February, 1975, Donald B. Oakley, an attorney for the defendant, notified the plaintiff to be in Greeneville, at which time he was directed to sign a joint complaint which asked for approval of a 20% permanent partial disability to the right arm for 40 weeks at $62.00 per week and said lump sum being for $2,480.00. Your plaintiff has an approximate eighth grade education and had no benefit of counsel and did as he was directed. Said settlement provided that he was to receive medical service for one year after the entry of the judgment.

### IV.

"He has been advised by Dr. Bell, since the date of the hearing, on May 16, 1975, that he would not be able to return to construction work, that an operation is necessary because of a condition which he found on examination, that the doctor does not know whether this operation will be successful, so that he is now advised that his disability is considerably more than it was told to the court and to him at the time of the settlement of this case.

\*　　\*　　\*　　\*　　\*　　\*

## VI.

"Because of his ignorance of the law, and especially the workmen's compensation act provisions, (which even attorneys and respectfully but nevertheless our Honorable Courts have a difficult time in keeping up with) his financial strain, lack of education, lack of benefit of legal advice, pressure of the insurance company's adjuster, but especially his rating by the defendant insurance company's doctor, which doctor knew or should have known at the time of the hearing on February 3, and as disclosed by his examination of May 16, 1975, that the award was inadequate, and if this court is determined to have jurisdiction, he is entitled to a new hearing."

The complaint contains a tender into court of the sum of $2,480.00, which plaintiff had received under the lump sum settlement agreement, and concludes with a prayer that the decree be set aside and "he be granted a trial upon his disability and that he be awarded permanent partial disability benefits commensurate with his injury and the new facts ascertained since the judgment." As already noted, the court, after hearing arguments, granted the motion of the defendants for a summary judgment and dismissed the complaint.

In considering whether or not the Chancery Court erred in entering the summary judgment, we assume to be true all facts alleged in the petition and the inferences which may fairly and legitimately be drawn therefrom, since the defendant filed no answer, affidavits, or other documents. Thus, the real question would appear to be whether or not the complaint states a claim upon which relief may be granted.

At the outset, it should be noted that according to the complaint, the employee received documents on March 24, 1975, from the Division of Workmen's Compensation acknowledging receipt of papers concerning the consent decree and informing him of his right to ask a reconsideration of the settlement within thirty days of receipt of such documents. Since the complaint herein was filed more than thirty days thereafter, it is clear that plaintiff has no right to a reconsideration as provided by T.C.A. § 50–1006. *Reams v. Trostel Mechanical Industries, infra.*

■ Although workmen's compensation awards, which are payable periodically for more than six months, may be subsequently modified at the instance of either party in the event of an increase or decrease of incapacity due to the injury, decrees approving lump sum settlements are not subject to modification at the instance of either party although the disability of the employee may increase or decrease subsequent to the entry of such decree. Lump sum settlement decrees, except for the limited review permitted by T.C.A. § 50–1006, are final. T.C.A. § 50–1025; *Reams v. Trostel Mechanical Industries,* Tenn., 522 S.W.2d 170 (1975). The statute, T.C.A. § 50–1025, has the effect of rendering final all valid consent decrees approving lump sum settlements of workmen's compensation claims. By entering into lump sum settlements, both parties run a risk of injury. The employee runs the risk that his disability may increase in the future and the employer runs the risk that the disability of the employee may decrease in the future, but both parties are bound and foreclosed by the entry of a valid decree approving a lump sum settlement.

But, a consent decree approving a lump sum settlement of a claim under the Workmen's Compensation Act, like any other judgment or decree, may be set aside if it is vitiated by mistake, fraud, or other defect specified in Rule 60.02, Tennessee Rules of Civil Procedure.

Although it is inartfully drafted, the instant complaint, in our opinion, alleges such a defect. This Court, in *Central Franklin Process Company v. Gann,* 175 Tenn. 267, 133 S.W.2d 503 (1939), held that a pleading alleging facts very similar to those presented in the instant case stated a cause of action for relief from a judgment approving a lump sum settlement of a claim under the Workmen's Compensation Law upon the theory that said decree had been based

upon a mistake of fact respecting the extent of the employee's disability, which mistake was induced by statements of a physician employed by the employer to treat the employee's injury. In that case, the petition, which sought to set aside the lump sum settlement decree, alleged that the employee was advised by the employer's physician that an arthritic condition of her back and hip could not be attributed to the accident which she had suffered on the job and that the company was not liable for that condition. It was further alleged that, relying solely upon this statement of fact made to her and to the court by the company's physician, she agreed to accept a lump sum payment for disability to her arm only, "being unequivocally advised that the condition in her back had no connection with the accident." Said petition further alleged that "since the original order in this cause was entered she has gone to other medical authorities who have examined her and x-rayed her, and who now advise her positively that the condition of her back is due solely to the accident," and that:

> "Accordingly, petitioner alleges that she entered into the settlement agreement while under a mistake of facts, and into which she was led by defendant's representatives, and the sum of $92.12 which she received as compensation for permanent partial disability of her arm is grossly inadequate to compensate her for her injury, which she now avers has resulted in her total and permanent disability."

It was also alleged that the employee entered into said compromise settlement without the benefit of legal counsel.

In holding that the petition stated a cause of action, this Court said:

> "No specific charge or fraud is made in the petition. . . . There can be no doubt that the Court, the defendant and the petitioner were misled by the erroneous report of Dr. Campbell. This was a mistake of fact. The only remedy available to the petitioner was a writ of error *coram nobis.* When her condition was discovered by Dr. Marchbanks thirty days after the order of July 16th, the court

had lost control of the matter. No error of law had been committed. The order approving the settlement was an error based upon mistaken fact.

\* \* \* \* \* \*

> "The Court correctly overruled the defendant's demurrer. The petition as originally filed and as later amended states a cause of action." *Central Processing Company v. Gann, supra,* at 508, 510.

The holding of the *Gann* case has been reaffirmed in *Lindsey v. Hunt,* 215 Tenn. 406, 384 S.W.2d 441, 444, 446 (1964). See also *Eller Brothers, Inc., et al. v. Perkins,* 223 Tenn. 152, 443 S.W.2d 440 (1969), which, inferentially, at least, reaffirms the *Gann* holding.

The gist of the complaint in the instant case is that the employee, ignorant of his legal rights and unrepresented by counsel, was induced by the representation of Dr. Bell that his injury had reached maximum improvement and that his residual permanent disability amounted to only ten percent impairment of his right arm to enter into a lump sum settlement providing compensation for twenty percent permanent partial disability to the right arm and for such medical benefits as might be provided or approved by Dr. Bell through January 31, 1976, although said physician knew or should have known at the time said consent decree was entered on February 3, 1975, that his disability was much greater, in that, he would not be able to return to construction work and would have to undergo further surgery which might or might not be successful. In our view, the complaint here, as in the *Gann* case, *supra,* states a claim for relief upon the ground that the consent decree was based upon a mistake of fact induced by the alleged erroneous statement of Dr. Bell respecting the extent of the employee's injury and consequent disability.

It should be clearly understood, however, that we construe the complaint to allege a mistake respecting the facts existing at the time the consent decree was rendered; i. e., the extent of the employee's

*then existing* disability. A mistake in estimating the extent to which an employee's disability *may increase in the future* can have no effect upon the validity of a consent decree approving a lump sum settlement agreement.

The summary judgment of the Chancery Court is reversed and the cause is remanded for a hearing on the merits.

Costs incurred in this Court are taxed against appellee and surety.

COOPER, C. J., and FONES, HENRY and HARBISON, JJ., concur.