## IN THE COURT OF APPEALS OF TENNESSEE,
## AT JACKSON

_____

|  |  |  |
|---|---|---|
| **JAMES ROBERT FERGUSON,** | ) | Lake County Chancery Court No. 4243A |
|  | ) |  |
| Petitioner/Appellant, | ) |  |
|  | ) |  |
| VS. | ) | C.A. No. W1999-02058-COA-R3-CV |
|  | ) |  |
| **DEBBIE DEE WARREN,** | ) |  |
|  | ) |  |
| Respondent/Appellee. | ) |  |
|  | ) |  |

**FILED**

**December 15, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

From the Chancery Court of Lake County at Tiptonville.
**Honorable J. Steven Stafford, Chancellor**

**James Robert Ferguson,** *Pro Se*

OPINION FILED:

**REVERSED AND REMANDED**

**FARMER, J.**

**CRAWFORD, P.J., W.S.**: (Concurs)
**LILLARD, J.**: (Concurs)

Petitioner James Robert Ferguson appeals the trial court's judgment dismissing his action for lack of venue. We reverse the trial court's judgment because Respondent Debbie Dee Warren has not raised the defense of improper venue in this lawsuit.

Ferguson instituted these proceedings by filing in the Chancery Court for Lake County, Tennessee, a pleading styled "Motion for Communication Between Petitioner and Petitioner's Minor Child." In his petition, Ferguson indicated that he currently was in the custody of the Tennessee Department of Correction at the Northwest Correctional Center at Tiptonville, Tennessee. The petition alleged that Ferguson was the father of Eric Michael Ferguson; that Respondent Debbie Dee Warren was the child's mother; that the child was born out of wedlock; that Warren and the child resided in Martin, Tennessee;[1] and that Warren would not allow any communication between Ferguson and the child. According to the petition, Ferguson and Warren lived together from 1982 until 1994, and Ferguson resided in the home from the child's birth until January 1994, a short time before Ferguson's incarceration. Ferguson alleged that he maintained a strong, loving relationship with the child until his incarceration, at which time Warren stopped all communication between Ferguson and the child. In an affidavit, Ferguson indicated that he was incarcerated after being convicted of two counts of aggravated sexual battery but that the offenses did not involve the minor child. In another affidavit, Ferguson stated that he was "the legitimate, biological father of said minor child" and that "[l]egitimacy was established on August 10, 1989, in Weakley County, Tennessee." The relief sought by Ferguson's petition was that he be allowed written and/or verbal communication with the minor child.

The trial court entered a scheduling order wherein it instructed Ferguson to file an affidavit advising the court of the sentence Ferguson currently was serving and his anticipated release date. The trial court's order also instructed Warren to file an answer or other appropriate pleading within thirty days of entry of the order.

Ferguson responded by filing an affidavit in which he stated that he was serving consecutive sentences of ten years and eight years, respectively, and that his release eligibility date

---

[1]This court takes judicial notice of the fact that Martin, Tennessee, is located in Weakley County, and we assume that the trial court likewise noted this fact.

was May 8, 1998. In a subsequent affidavit, however, Ferguson stated that he was denied parole at a hearing held on June 17, 1998. Ferguson's affidavit indicated that he had a review and reconsideration date of June 2003 but that his sentence did not expire until December 2006. Warren failed to respond to the trial court's order.

Ferguson also filed a motion for default judgment, a motion for summary judgment, and a motion to set a hearing on this matter. Following the filing of the aforesaid motions, the trial court entered an order requiring Warren to file an answer or other responsive pleading no later than September 18, 1998, and indicating that, in the event Warren failed to file a responsive pleading, the court might, in its discretion, grant the relief requested by Ferguson. Again Warren filed no response.

Although the record before this court does not contain process served upon Warren in Weakley County, the trial court's order dismissing this action for lack of venue indicates that the summons reflected that Warren was served at her residence in Weakley County, Tennessee. The trial court's order further indicates that Warren has filed no pleadings of any type in this action.

Although Ferguson's petition indicated that he was not seeking visitation, but simply the right to communicate with the child, we interpret the relief sought as a form of visitation.

Since it is undisputed that both Warren and the child reside in Weakley County, we conclude that proper venue is in Weakley County. In transitory actions, venue is a privilege of a defendant to be sued in a particular county or counties. The defendant may waive this privilege, however, by failing to assert it in a timely manner. *See Turpin v. Conner Bros. Excavating Co.*, 761 S.W.2d 296, 297 (Tenn. 1988), *overruled on other grounds by Five Star Express, Inc. v. Davis*, 866 S.W.2d 944, 950 (Tenn. 1993); *Corby v. Matthews*, 541 S.W.2d 789, 791 (Tenn. 1976). In this regard, Tennessee's venue statutes provide that an action brought in the wrong county may be prosecuted "unless abated by plea of the defendant." T.C.A. § 20-4-105 (1994). Under rule 12 of the Tennessee Rules of Civil Procedure, a defendant waives the defense of improper venue if she fails to raise it in either her answer or a motion to dismiss. T.R.C.P. 12.02(3), 12.08.

In the present case, Warren failed to respond to the original pleading served upon her, and she failed to respond to the trial court's subsequent orders. At this point in the proceedings, therefore, Warren has not raised the defense of improper venue. Inasmuch as Warren has not raised this defense, we reverse the trial court's judgment dismissing this cause *sua sponte* for lack of venue, and we remand the cause for further proceedings consistent with this opinion.

In cases such as this, the ultimate issue to be determined by the court is the best interest of the minor child. Accordingly, it is unfortunate that Warren failed to respond either to Ferguson's petition or to the trial court's subsequent orders. On remand, the trial court may wish to consider appointing a guardian *ad litem* to represent the interests of the minor child.

_____
FARMER, J.

_____
CRAWFORD, P.J., W.S.

_____
LILLARD, J.